UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| IORDAN BOSSEV | NO: 17-00003-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion for Transfer of Venue (Doc. 47)** filed by Iordan Bossev ("Defendant") under Fed. R. Crim. P. 21(b), seeking to transfer this matter to the U.S. District Court for the Northern District of New York. For the reasons fully explained herein, the Motion is **GRANTED**.

I. BACKGROUND

On January 19, 2017, a grand jury sitting in the Middle District of Louisiana returned a two-count Indictment which charged Defendant with Receipt of Child Pornography (18 U.S.C. § 2252A(a)(2)) and Possession of Child Pornography (18 U.S.C. § 2252A(a)(5)(B). (Doc. 1). Then on August 16, 2017, a federal grand jury in the Northern District of New York returned a four-count indictment charging Defendant with sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) & (e); persuading, inducing and enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); travel in interstate commerce with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b); and persuading, inducing and enticing an individual to travel in interstate commerce to

1

engage in sexual activity, in violation of 18 U.S.C. § 2422(a). (Doc. 44-1). On August 23, 2017, the Defendant filed a Motion for Transfer of Venue. (Doc. 47). On August 25, 2017, the Court held a status conference in Chambers, in which the Government stated that it did not oppose the Motion.

II. **LEGAL STANDARD**

Fed. R. Crim. P. 21(b) provides that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." In determining whether transfer is appropriate, courts typically consider: "(1) the location or residence of the defendant; (2) the location of potential witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) the parties' expenses; (6) the location of counsel; (7) the relative accessibility of the place of trial; (8) the docket condition of each district or division involved; and (9) any other special elements that might affect the transfer." *United States v. Ubak–Offiong*, 364 F. App'x 859, 862-63 (5th Cir. 2010) (citing *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 245 (1964)).

III. **DISCUSSION**

The potential defense and government witnesses reside in New York, and the alleged victim, a juvenile, resides in New York. (Doc. 47 at p. 4-5). The events at issue took place in New York—when the Defendant allegedly traveled to New York to the victim's home. *Id.* at p. 5. Most, if not all, of the documents in this case are stored electronically and can easily be transferred to New York. *Id.* Finally, although

the Defendant is currently in the custody of the U.S. Marshals in Baton Rouge, Louisiana, he can be transferred to New York for trial. *Id.* at p. 4. The Defendant has also already been indicted in the Northern District of New York and has made an initial appearance. *Id.* at 2. Considering these facts, the Court will transfer this case to the U.S. District Court for the Northern District of New York.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Transfer of Venue (Doc. 47)** is **GRANTED**.

Baton Rouge, Louisiana, this 28th day of August, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**